**Maurice C. PARADIS, Director of the Department of Business Regulation of the State of Rhode Island**

v.

**HERITAGE LOAN AND INVESTMENT COMPANY.**

**In re Claim of Antonio CALIRI.**

**No. 97–521–Appeal.**

Supreme Court of Rhode Island.

Nov. 14, 1997.

Ernst & Young, L.L.P., Providence.

**ORDER**

This case came before the court for oral argument November 3, 1997 on the appeal of Antonio Caliri (Caliri) from a judgment entered in the Superior Court denying his ob-

jection to the approval of a settlement by a justice of the Superior Court between Rhode Island Depositors Economic Protection Corporation (DEPCO) and the accounting firm of Ernst & Young. The settlement was in the amount of $103 million. Caliri was the sole objector to the settlement and based his objection on the assertion that Maurice C. Paradis, the receiver of Heritage Loan and Investment Company (Heritage), had agreed to give a general release to Ernst & Young as part of the consideration for said settlement. He argues that the receiver will obtain no monetary consideration for this release.

Counsel for Caliri conceded at oral argument that Ernst & Young at no time performed accounting services or auditing services for Heritage. Nevertheless, Caliri argues that the release must have some value since Ernst & Young requires it as a condition of the settlement. It should be noted that all other receivers of failed financial institutions have also agreed to give releases to Ernst & Young.

It is undisputed that Caliri was an off-line depositor in Heritage and nevertheless received the full principal amount of his deposit together with pre-receivership interest thereon. These moneys were paid to Caliri by DEPCO. In addition to the payments already made, Caliri is seeking post-receivership interest.

This court has already determined that no depositors of Heritage are entitled to post-receivership interest. *See Paradis v. Heritage Loan and Investment Company,* 693 A.2d 1036, 1037 (R.I.1997). In that case, we affirmed a decision by a justice of the Superior Court that no interest should be awarded to Heritage depositors after November 19, 1990 pursuant to an order entered by Justice Krause on June 22, 1992. *Id.* at 1037. This was the unappealed final order approving the sale and transfer of Heritage assets to DEPCO.

We also take note of the order entered in the Superior Court on December 11, 1996 that Caliri is not entitled to any interest payment from DEPCO. His suggestion that the receiver of Heritage should seek a payment from DEPCO in order to satisfy a non-existent claim against Ernst & Young as a condition of filing a release in order to implement the settlement between DEPCO and Ernst & Young is frivolous.

Consequently, the appeal of Caliri is denied and dismissed. The denial of his objection by the Superior Court is affirmed.

FLANDERS, J., did not participate.